**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TANCI ISSA BALZAN,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:11-CV-1155-N-BH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the federal prison system, filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 to challenge an order of certification and committal for extradition. Respondent is the United States of America.

On October 15, 2010, respondent filed a complaint pursuant to 18 U.S.C. § 3184 on behalf of the country of Argentina requesting that the federal court certify petitioner as extraditable to stand trial in Argentina for the crime of fraud. (Cause No. 3:10-MJ-340, doc. 1). A magistrate judge heard testimony and argument concerning the complaint during a hearing on May 10, 2011. (*Id.*, doc. 37). On May 10, 2011, the magistrate judge issued a *Certification and Committal for Extradition* certifying to the Secretary of State that pursuant to 18 U.S.C. § 3184, the Court had personal jurisdiction over petitioner, petitioner had been charged in Argentina with an extraditable offense under the extradition treaty between the two countries because it was punishable by over a year imprisonment in both countries, and that there was probable cause to believe that petitioner had committed the offense charged. (*Id.*, doc. 33).

Petitioner filed his habeas petition on June 1, 2011.  He claims that the certification ruling should be reversed because respondent failed to prove that the charged offense is an extraditable offense that subjects him to a maximum term of imprisonment under Texas law of over one year. (Pet. at 1-2).  Respondent filed its response on July 25, 2011, and petitioner filed his reply on August 12, 2011.

## II.  APPLICABLE LAW

Section 2241(a) provides district courts the power to grant a writ of habeas corpus.  A petitioner is entitled to a writ of habeas corpus under § 2241 only to remedy his or her restraint of liberty in violation of the constitution, treaties, or laws of the United States, however.  *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952).   The scope of habeas corpus review under § 2241 of a magistrate judge's extradition order is extremely limited.  *Ntakirutimana v. Reno*, 184 F.3d 419, (5th Cir. 1999); *Garcia-Guillern v. United States*, 450 F.2d 1189, 1191 (5th Cir. 1971).   The reviewing court's sole inquiry is whether the magistrate judge or committing court had jurisdiction, whether the offense charged is within the treaty, and whether there is any evidence to support the finding of reasonable ground to believe that the accused is guilty.  *See Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *Ntakirutimana*, 184 F.3d at 419; *Garcia-Guillern*, 450 F.2d at 1191.  A habeas petition in an extradition case is not a means for rehearing the findings made by the committing court.  *Ntakirutimana*. 184 F.3d at 425, *citing Fernandez*, 268 U.S. at 312.  Furthermore, the judgment of  a committing court that an offense is an extraditable offense and that there is probable cause that the accused is guilty cannot be reviewed on the weight of the evidence.  *Ornelas v. Ruiz*, 161 U.S. 502, 508-09 (1896).  Rather than determining the weight and sufficiency of the evidence to support a committing court's findings, a habeas court's function is to determine whether there is

2

competent legal evidence to support the findings. *Ludeke v. U.S. Marshal*, 15 F.3d 496, 499 (5th Cir. 1994), *citing Escobedo v. United States*, 623 F.2d 1098, 1102 (5th Cir. 1980)

### III.  CERTIFICATION FOR EXTRADITION

Petitioner asserts that the government did not prove that the offense for which he is under indictment in Argentina is an extraditable offense.  He contends that because there is no evidence of the value of the goods taken, there is no evidence that the theft amount alleged is great enough to warrant a maximum term of imprisonment under Texas law of at least one year. (Pet. at 4).

Under Article 2(1) of the treaty of extradition between the United States and Argentina, an offense is an extraditable offense if it is punishable under both the laws of Argentina and the United States and the maximum term of punishment exceeds one year.  (Pet., Ex. D at 2).  This is also known as a "dual criminality" clause.  *Id*.  Under Argentinian law, theft by fraud is punishable by a sentence between one month and six years imprisonment. (Pet., Ex. B).  The parties agree that the relevant Texas statute that is the one that criminalizes theft.  (Pet. at 4; Response at 2).  Under Texas law, theft is punishable as a state jail felony if the value of the property stolen is $1500.00 or more but less than $20,000.00, and as a third-degree felony if the value is more than $20,000.00 or more but less than $100.000.00.  *See* TEX. PENAL CODE. ANN. § 31.03(e)(4)(A), (5) (West 2009).  A person convicted of a state-jail felony shall be punished by imprisonment for a term of 180 days to two years, and a person convicted of a third-degree felony shall be punished by imprisonment for a term from two to ten years. TEX. PENAL CODE. ANN. §§ 12.34(a), 12.35 (West 2009).  Petitioner alleges that the evidence is insufficient to establish that the goods petitioner allegedly stole were worth more than $1500.00. (Pet. at 4-5).

A certified judicial packet from Argentina was admitted into evidence at the hearing. (10-cv-

340-BH, doc. 37 at p. 3-4).  This packet, along with other admitted evidence, establishes that petitioner was indicted in Argentina on two counts of fraud on September 24, 2007, and that a warrant was issued for his arrest in December of 2007 because he failed to appear in court.  (*Id.*, doc. 37 at 3-5; doc. 30, ex. 1 at 2).  According to the certified packet, petitioner attended a fashion show in Argentina in December of 2006, met with an individual designer there, and represented to that designer that he was an agent of Gucci.  Petitioner met with this person several times, after which he offered the designer a business deal in which Gucci would acquire a 49% share of the designer's trademark and would show the designer's clothing abroad.  On December 22, 2006, petitioner retrieved from the designer's atelier four dresses, four bags, two leather jackets, and one shirt, as well as ten folders that each contained approximately fifteen sketches of additional designs belonging to the designer.  These goods were to be given to an investor who would deposit approximately $50,000.00 into an account for the designer.  The designer did not receive any money, and he never retrieved his property.  After petitioner gave a statement to the Argentinian authorities in September 11, 2007, the authorities made the decision to prosecute him for fraud, but he left the country before the case was brought to trial. (Pet., Ex. B).

At the extradition hearing, petitioner testified to his version of events.  He testified that his brother-in-law works for Gucci, that he took a number of clothing items from an Argentinian designer at a fashion show in Argentina as samples of this designer's work to show potential investors that might be interested in investing, that no investor was interested, and that he did not return the items of clothing because the designer told him to wait and bring them when he returned to Argentina, but he has not done so because he has been detained. (*Id.*, doc. 37 at 18-20).  Petitioner acknowledged that he was interviewed by Argentinian authorities about this incident, that he gave

a similar version of events in Argentina as part of the investigation there, and that his version of events is included in the Argentinian affidavit. (*Id.*, doc. 37 at 29-30). Petitioner claims that the evidence is insufficient to establish that the items he took from the designer are worth more than $1500.00 such that he would face a maximum punishment of at least a year in prison if convicted in Texas.

The Supreme Court has explained that an offense is an extraditable offense only if the acts charged are criminal in both countries. *Collins v. Loisel*, 259 U.S. 309, 311 (1922). To determine this, a reviewing court should inquire into the criminal conduct and the crime to which it gave rise. *Spatola v. United States*, 741 F.Supp. 362 (E.D.N.Y. 1990), *citing Collins*, 259 U.S. at 312, *United States ex rel. Rauch v. Stockinger*, 269 F.2d 681, 685-687 (2d Cir. 1959). According to the Argentinian indictment, based on an investigation conducted by authorities in that country, petitioner took from a fashion designer through the use of fraud several items of clothing designed by him, as well as approximately 150 sketches of his clothing designs, with the promise that the designer would receive $50,000.00 in return. Petitioner characterizes this $50,000.00 as an advance to be applied to future purchases from the designer. (Pet. at 2-3). Respondent disagrees with this characterization. (Response at 3, n. 1). Nevertheless, based on the certified judicial packet from Argentina, the magistrate judge found at the extradition that the amount involved in the theft would be punishable by at least one year in prison. (Cause No. 3:10-MJ-340, doc. 37 at p. 39-40).

Petitioner cites to Texas statutory law providing that when the value of stolen goods cannot be ascertained, the court may assume only that the value was greater than $500.00 but less than $1500.00. (Pet. at 5). As noted in *Spatola v. United States*, an extradition proceeding is neither a criminal trial nor a civil action, but is instead administrative in nature. Neither the Federal Rules

of Evidence nor the Federal Rules of Criminal Procedure are applicable, and the legal process afforded petitioner at an extradition hearing is not the due process due criminal defendants. *Spatola*, 741 F.Supp. at 370, *citing Glucksman v. Henkel*, 221 U.S. 508 (1911). *See also* FED. R. EVID. 1101(d)(3); FED. R. CRIM. P. 54(b)(5). Instead, "the role of the judiciary in extradition is simply to determine whether the executive branch is authorized by statute and treaty to honor a particular extradition request." *Spatola*, 741 F.Supp. at 370, *citing Valentine v. United States ex rel. Neidecker*, 299 U.S. 5 (1936).

There is competent legal evidence in the record to support the findings made by the committing court. This evidence consists of a certified judicial packet and affidavit setting forth the facts supporting petitioner's indictment in Argentina for theft, which includes the allegation that petitioner took numerous items belonging to a fashion designer, promised the designer $50,000.00, and forwarded neither the money nor the goods to the designer. Although petitioner questions the weight to be given this evidence, this Court is not permitted to review the weight of the evidence supporting the extradition certification order. Given the limited nature of extradition proceedings, coupled with the limited habeas review of extradition proceedings, petitioner is not entitled to relief from the extradition certification order. His habeas petition should be denied.

## IV. RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SIGNED this 21st day of September, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7